IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DEDRICK L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV178 |
| | ) | |
| RALPH KERSEY, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff seeks to proceed in this action *in forma pauperis*. In reliance upon the representations set forth in the request, the Court finds that Plaintiff is unable to make an initial partial payment of the fees in this matter. The Court will allow him to proceed *in forma pauperis* and will enter orders allowing for payment of the filing fee over time as funds become available and for the service of process.

Plaintiff also filed a Motion [Doc. #3] seeking a temporary restraining order and a preliminary injunction. Regarding those requests,

> The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. See e.g., United States Dept. of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n. 1 (4th Cir. 2006). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the

adverse party may be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A). The United States Supreme Court has stated that to obtain a temporary restraining order or a preliminary injunction, a movant must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Federal Election Comm., 575 F.3d 342, 345 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010). Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); see also MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (a preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances.").

Wilson v. Rabbar, No. 1:14cv622, 2105 WL 197368, at *2 (M.D.N.C. Jan. 14, 2015) (footnotes omitted) (unpublished), rec. adopted, (M.D.N.C. Feb. 20, 2015) (unpublished).

Plaintiff asserts in his Motion that Defendants are impeding his ability to file lawsuits by not making copies of legal papers and denying access to notary public services. He also claims that they are not allowing him access to razors and not allowing him access to his mail within 24 hours of its arrival. Overall, Plaintiff's Motion is somewhat vague as to his need for these things and regarding any potential harm from the lack of them. It certainly does not contain facts alleging any immediate or irreparable harm in the absence of preliminary relief. Therefore, his Motion should be denied. Plaintiff can litigate these matters in due course as part of his lawsuit.

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion [Doc. #3] seeking a temporary restraining order and preliminary injunction be denied.

2

IT IS ORDERED that Plaintiff in the above-named action be, and is hereby, permitted to file and prosecute said action in this Court without prepayment of fees or giving security therefor, subject to the conditions set forth below.

IT IS FURTHER ORDERED that, as a condition of Plaintiff's proceeding *in forma pauperis*, Plaintiff's current custodian and/or trust officer shall, starting with the month of May of 2024, collect, set aside, and pay from Plaintiff's trust account on a continuing basis 20 percent of the deposits to Plaintiff's account until the full filing fee and any costs, should they be assessed at a later date, have been paid in full.[1] Unless the Court orders otherwise and except for final payment, such payments shall be made each time the set aside balance in Plaintiff's account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:24CV178, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

---

[1]If Plaintiff is currently assigned to work release, the amounts set aside from work release earnings shall be treated as court costs under the North Carolina statutes governing priority of payouts for work release prisoners, N.C.G.S. § 148-33.1(f)(4). If the earnings in any month are not sufficient to cover the expenses listed in N.C.G.S. § 148-33.1(f)(1)-(f)(3a) without infringing on the set aside amount, then the excess expenses may be deducted from the set aside amount.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff a summons for each defendant named in the complaint. Plaintiff must fill out a summons for each defendant, including an address suitable for service, and then return the summons(es) to the Clerk. Failure to provide an address wherein service may be made on any defendant will result in the dismissal of the action as to all such unserved defendants after 90 days from the filing of the complaint. See Fed. R. Civ. P. 4(m).

IT IS FURTHER ORDERED that the United States Marshal, upon return of the properly completed summons(es) shall serve the Complaint on the defendant(s).

This, the 29th day of April, 2024.

/s/ Joi Elizabeth Peake
United States Magistrate Judge